**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

J. Anthony Huggins,

      Debtor.

_____/

Case No.: 6:06-bk-01546-ABB

Chapter 7

**RESPONSE TO CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM NO. 4**
**FILED BY TILAK INVESTMENTS LIMITED**

Tilak Investments Limited responds to the Trustee's objection to its claim as follows:

1.      On or about June 7, 2007, the Trustee, Evergreen Security, Ltd., and the Debtor entered into a Settlement Agreement, a copy of which is attached as Composite Exhibit A (the "Settlement").  The Settlement was subsequently approved by the Court on July 5, 2007. (CP#127).

2.      Pursuant to the terms of the Settlement, the Trustee released, *inter alia*, "the Arctic Trust, any former or current trustees of the Arctic Trust, any beneficiaries of the Arctic Trust, and any business owned or controlled by Huggins…."   (Settlement Stip., ¶5).

3.      As part of the Settlement, the Trustee further stipulated that "the parties agree that the Arctic Trust is a validly settled foreign situs trust which shall be interpreted and governed exclusively under the appropriate non U.S. legal jurisdictions and forums identified within the Arctic Trust [and] the parties agree that the Arctic Trust is not subject to the dominion or control of Huggins or any beneficiaries of the Arctic Trust." (Settlement Stip., ¶7).

4.     Based upon the broad release language contained in the Settlement, the Trustee's Objection should be summarily denied.  The Arctic Trust has been released from liability in this case, including but not limited to any claim for receipt of a fraudulent transfer.  Therefore, no property is "recoverable" under §502(d) nor is any alleged transfer to the claimant "avoidable" under §§544, 548 or 550.  As such, §502(d) does not provide a valid basis for sustaining the Objection.

5.     Similarly, the Settlement vitiates any basis for equitable subordination pursuant to §510(c).  Equitable subordination is an unusual remedy and should be applied only in limited circumstances and requires a showing of suspicious, guilty and inequitable conduct.  See *In re Seslowsky*, 182 B.R. 612, 615-616 (Bankr. S.D. Fla. 1995); *In re Powe*, 75 B.R. 387, 389-391 (Bankr. M.D. Fla 1987)(absent some showing of fraud or inequitable conduct on the part of the claimant injurious to other creditors, no equitable ground exists for subordination of a claim).  As the *Powe* court noted:

> Before a bankruptcy court may support any [subordination] claim, there must be some basis of a type which has been traditionally recognized by equity as justifying its intervention such as fraud, breach of fiduciary duty, mismanagement, or overreaching, and, in fact, any breach of the multitudes of rules of fair play and good conscience, but when an innocent party in good faith asserts a legally valid claim [the objection] will not suffice just because the relief would be unfair if subordination is denied. *Id*., at 391.

Here, the Trustee failed to allege any inequitable action taken by Tilak Investments.  Moreover, the Trustee released the Arctic Trust, and stipulated that the trust was not under the dominion or control of Mr. Huggins or any beneficiaries of the Arctic Trust.[1]  Therefore, the Objection should be denied.

---

[1] The Trustee's actions in filing the instant objection are, in fact, inequitable when the Trustee was more than happy to accept Mr. Huggins' $1 million settlement sum but now apparently wants to change the deal she struck.

WHEREFORE, claimant Tilak Investments requests the Court deny the Objection and award such other relief deemed just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via CM-ECF on all parties in interest on February 2, 2008.

JONATHAN R. WILLIAMS, P.A.

BY:\_  /s/ Jonathan R. Williams
Florida Bar No. 178810
Post Office Box 9247
Daytona Beach, FL 32120
386-338-0674-telephone
386-957-1418-facsimile
jrwilliamslegal@gmail.com
COUNSEL FOR TILAK INVESTMENTS